# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-80211-BLOOM/Reinhart

CARINGONDEMAND, LLC
and AVIOR SCIENCES, LLC,

        Plaintiffs,

vs.

VENTIVE LLC,

        Defendant.

_____

## <u>OMNIBUS ORDER</u>

**THIS CAUSE** is before the Court upon Plaintiffs' Urgent Verified Motion to Compel Arbitration, ECF No. [5] ("Motion to Compel Arbitration"), and Defendant's Motion to Dismiss or Alternatively Stay Plaintiffs' Complaint to Compel Arbitration, ECF No. [10], (the "Motion to Dismiss") (collectively "the Motions"). The Court has carefully reviewed the Motions, the applicable law, the parties' supporting and opposing briefs, and is otherwise fully advised of the record in this case. For the reasons that follow, the Motion to Compel Arbitration is granted and the Motion to Dismiss is denied as moot.

## I.    BACKGROUND

On February 21, 2018, Plaintiffs, CaringOnDemand, LLC and Avior Sciences, LLC (collectively "Plaintiffs") filed their Complaint in the Southern District of Florida seeking an order compelling Defendant, Ventive LLC ("Defendant"), to arbitration in Delray Beach, Florida.[1] *See* ECF No. [1]. According to the Complaint, on October 23, 2017, Plaintiffs and Defendant entered into a Master Consultant Agreement ("Consultant Agreement") in which

---

[1] Other than a request for attorney's fees, no additional relief is sought in this action. *Id.*

Defendant would provide consulting and technical services to Plaintiffs in exchange for a fee and Plaintiffs would be the sole owner of the intellectual property Defendant created. *Id.* at ¶ 1. A few months later, a dispute arose between the parties involving performance under the Consultant Agreement. *Id.* at ¶¶ 26-30. On February 16, 2018, Plaintiffs sent a written notice to Defendant in which they demanded arbitration of such disputes in Delray Beach, Florida. *Id.* at ¶¶ 3, 13. Plaintiffs made this demand pursuant to the arbitration provision contained in Section 13 of the Consultant Agreement. ECF No. [1-3]. Defendant allegedly did not comply with the arbitration provision and Plaintiffs' written demand for arbitration. *Id.* at ¶ 4. As a result, five days later, Plaintiffs filed their Complaint in this venue asserting violations of the Consultant Agreement and demanding arbitration in Delray Beach. *Id.*

One day after the Complaint was filed in this action, Defendant filed its own Petition to Compel Arbitration, Stay Arbitration and for Appointment of Mediator against Plaintiffs in the District Court of the Fourth Judicial District of the State of Idaho in and for the County of Ada, Case No. CV01-18-03619. *See* ECF No. [5-1] ("the Idaho action"). On March 13, 2018, Plaintiffs removed the Idaho action to the District Court of Idaho, Case No. 18-cv-00120-CWD. *See* ECF No. [21-4]. Thereafter, on May 4, 2018, the assigned magistrate judge in the Idaho action, the Honorable Candy W. Dale, stayed those proceedings pending this Court's ruling on the Motions. *See* ECF No. [45-4].

In the meantime, in this action, Plaintiffs filed the Motion to Compel Arbitration seeking an "urgent" ruling from this Court as to the arbitrability of the dispute in Delray Beach, Florida. *See* ECF No. [5]. Defendant filed a Response agreeing that the disputed issues were subject to arbitration but contesting Plaintiffs' position that the Consultant Agreement requires arbitration

in Delray Beach.[2]  *See* ECF No. [15].  In support of its position, Defendant argues that Plaintiffs'

claim truly involves a dispute over compensation under Section 5 of the Consultant Agreement,

not a dispute over intellectual property rights under Section 2.  *Id.*  Because the arbitration clause

requires arbitration in Boise when disputes solely involve compensation under Section 5,

Defendant argues that arbitration in Delray Beach is improper.  *Id.*  Alternatively, Defendant

states that, while this lawsuit was filed first, it was filed in bad faith and in anticipation of

Defendant's own lawsuit.  *Id.*  For that reason, it asks the Court to stay this action and allow the

issues to be decided in the District Court of Idaho.  *Id.*  Plaintiff thereafter filed a Reply and

Defendant was given leave of Court to file a Sur-reply.  *See* ECF Nos. [21] and [28].

While the parties were briefing the Motion to Compel Arbitration, Defendant separately

filed a Motion to Dismiss, challenging whether Plaintiffs' chosen venue for this lawsuit is proper

and alternatively seeking a stay of these proceedings to allow the District Court of Idaho to

decide the appropriate arbitration venue.  *See* ECF No. [10].  In the briefing that followed, the

parties vehemently contested matters of venue, Avior Sciences' corporate standing in Florida,

and the indispensability of a non-party Caring People.  *See* ECF Nos. [27], [38], and [45].

Plaintiffs also filed two Requests for Judicial Notice.  *See* ECF Nos. [34] and [39].[3]  All issues

are now ripe for review.

## II.    LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that pre-dispute agreements to arbitrate

"evidencing a transaction involving commerce" are "valid, irrevocable, and enforceable save

---

[2] Defendant also raises other procedurally disputed issues, such as whether Avior Sciences has a certificate to transact business in the state of Florida and is, therefore, foreclosed from filing this action in this venue and whether Plaintiffs failed to join an indispensable party, Caring People.  *See* ECF No. [15].

[3] In addition, the parties filed corrections to the record, apparently in response to letters between counsel accusing one another of making factual misrepresentations.  *See* ECF Nos. [14] and [42].

upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

The FAA reflects "a liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333, 339 (2011). Section 3 of the FAA further states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

"Under both federal and Florida law, there are three factors for the court to consider in determining a party's right to arbitrate: (1) a written agreement exists between the parties containing an arbitration clause; (2) an arbitrable issue exists; and (3) the right to arbitration has not been waived." *Sims v. Clarendon Nat. Ins. Co.,* 336 F. Supp. 2d 1311, 1326 (S.D. Fla. 2004) (citing *Marine Envtl. Partners, Inc. v. Johnson,* 863 So. 2d 423, 426 (Fla. 4th DCA 2003) and *Seifert v. U.S. Home Corp.,* 750 So. 2d 633 (Fla. 1999)).

Confronted with a facially valid arbitration agreement, the burden is on the party opposing arbitration to demonstrate that the agreement is invalid or the issue is otherwise non-arbitrable. *Green Tree Fin. Corp.-Alabama v. Randolph,* 531 U.S. 79, 92 (2000) ("[T]he party seeking to avoid arbitration bears the burden of establishing that Congress intended to preclude arbitration of the statutory claims at issue."); *In re Managed Care Litig.,* No. 00-1334-MD, 2009 WL 856321, at *3 (S.D. Fla. Mar. 30, 2009) ("It is the burden of the party challenging a facially valid arbitration agreement to demonstrate that the agreement is in fact unconscionable."). "By its terms, the [FAA] leaves no room for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which

an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 213 (1985) (emphasis in original). Thus, if the aforementioned criteria are met, the Court is required to issue an order compelling arbitration. *John B. Goodman Ltd. P'ship v. THF Const., Inc.,* 321 F.3d 1094, 1095 (11th Cir. 2003) ("Under the FAA, 9 U.S.C. § 1 *et seq.,* a district court must grant a motion to compel arbitration if it is satisfied that the parties actually agreed to arbitrate the dispute."); *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.,* 553 F.3d 1351, 1366 (11th Cir. 2008) ("The role of the courts is to rigorously enforce agreements to arbitrate.") (citation omitted).

## III. DISCUSSION

### A. Request for a Stay

Prior to addressing the demand for arbitration, the Court recognizes that, throughout the briefing, Defendant asks the Court to exercise its discretion to stay these proceedings and allow the District Court in Idaho to decide the arbitration matters raised by the parties. *See* ECF Nos. [10] and [15]. Plaintiff, on the other hand, asks the Court to take judicial notice of the docket in the Idaho action, including the May 4, 2018 Order Staying Case. *See* ECF No. [45-4]. Significantly, the district court in the Idaho action exercised its discretion to stay the matter "until resolution of the two pending motions in the Florida-based case." *Id.* at 6. In its order, the court determined that this lawsuit was filed first, that there are overlapping parties in both lawsuits, the lawsuits are substantially similar, and there was insufficient evidence in the record to support a conclusion that Plaintiffs' filing of this action was done in bad faith, was anticipatory of Defendant's lawsuit, or presented an instance of forum shopping. *Id.* at 5-6. Based on the foregoing, the court in the Idaho action found that a stay would promote judicial economy and efficiency. *Id.*

Against this background, the Court declines to exercise its discretion to stay this action. Not only was this lawsuit filed first, but all issues here are also ripe for review. A stay of these proceedings, especially when the Idaho action has been stayed for six weeks, would promote judicial inefficiency and would unnecessarily delay a judicial determination of the issues. The Court will, therefore, proceed to analyze the arbitration issues raised by the parties.

### B. Motion to Compel Arbitration

In the Complaint and the Motion to Compel Arbitration, Plaintiffs seek to compel arbitration pursuant to Section 13 of the Consultant Agreement. To determine whether the dispute is subject to arbitration, the Court must consider three factors: whether "(1) a written agreement exists between the parties containing an arbitration clause; (2) an arbitrable issue exists; and (3) the right to arbitration has not been waived." *Sims,* 336 F. Supp. 2d at 1326. It is undisputed that the parties entered into a valid written agreement containing an arbitration clause. Significantly, neither party challenges the validity of the agreement nor that the arbitration agreement is procedurally or substantively unconscionable. In fact, both parties seek to enforce the terms of the arbitration agreement in their respective favors. Thus, the Court finds that the first prong – the existence of a valid written arbitration agreement – has been satisfied.

The Court must next analyze the scope of the arbitration clause to determine whether an arbitrable issue exists. It is a general rule that "[t]he arbitrability of disputes—in other words, the determination of whether the agreement applies to the parties' claims—is generally a gateway issue to be determined by the courts." *Robinson v. J & K Admin. Mgm't Sers., Inc.*, 817 F.3d 193, 195 (5th Cir. 2016) (citing *AT&T Tech., Inc. v. Comm'ns Workers of Am.*, 475 U.S. 643, 649 (1986)). "'[W]hether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy' are two examples

of questions of arbitrability." *Fed. Nat'l Mortg. Ass'n v. Prowant*, 209 F. Supp. 3d 1295, 1309 (N.D. Ga. 2016) (quoting *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003)). "And if there is doubt about [whether the arbitrator should decide a certain issue,] we should resolve that doubt "'in favor of arbitration.'" *Bazzle*, 539 U.S. at 452 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)).

In addition, "parties may agree to commit even threshold determinations to an arbitrator, such as whether an arbitration agreement is enforceable" and the Supreme Court has upheld such provisions, dubbed "delegation provisions," as valid. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68 (2010); *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1146 (11th Cir. 2015). Specifically, the Supreme Court recognizes that parties can enter into agreements "to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Jackson*, 561 U.S. at 69. Such a gateway question "is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Id.*

Indeed, the parties drafted a broad arbitration agreement. Section 13 of the Consultant Agreement provides:

**13. Settlement of Disputes**

> This Agreement will be construed in accordance with the laws of Florida as applied to a contract to be fully performed therein and without reference to laws pertaining to conflict of laws. THE PARTIES agree to waive all rights to a trial by jury and hereby agree to submit *all disputes* to binding arbitration, which shall be submitted and conducted by one arbitrator, the costs of which shall be equally shared among THE PARTIES. The parties agree that the arbitrator shall have authority to grant injunctive or other forms of equitable relief to any party. Any arbitration relating to a dispute under Section 5 of this Agreement shall be conducted in Boise, Idaho or within 10 miles of CONSULTANT'S principal place

of business. Any arbitration relating to Section 2 shall be conducted in Delray Beach, Florida or within 10 miles of COMPANIES SCIENCE's principal place of business. Any arbitration relating to Sections 2 and 5 shall take place in Boise or Delray Beach, or within 10 miles of the principal place of business of whichever party first demands arbitration in writing pursuant to this Agreement. The prevailing party of any such arbitration or dispute shall be awarded all costs of arbitration including attorney's fees and travel costs. It is specifically understood and agreed that any party may enforce any award rendered pursuant to the arbitration provisions of this Section by bringing suit in any court of competent jurisdiction.

ECF No. [5-1] at 9-10 (bold and underline added).

Thus, the parties agreed to "submit all disputes to binding arbitration." *Id.* (emphasis added). The agreement contains no limiting language. It expresses that any dispute whatsoever between the parties be arbitrated, regardless of whether the dispute is substantive or procedural. Such sweeping arbitration language means that all disputed issues, including (1) whether the dispute arises under Section 5 of the Consultant Agreement, which triggers arbitration in Boise; (2) whether it arises under Section 2, which triggers arbitration in Delray Beach; or (3) whether it arises under Sections 2 and 5, which triggers arbitration in either Boise or Delray Beach depending on whoever first demands arbitration in writing, are all arbitrable issues.

Under the FAA, the role of this court is "to rigorously enforce agreements to arbitrate." *Hemispherx Biopharma, Inc.,* 553 F.3d at 1366. The FAA mandates that this Court direct the parties here to "proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc.,* 470 U.S. at 213. Because the parties agreed to submit "all disputes" to arbitration, this Court declines to decide the question of the appropriate forum for arbitration. The parties may, of course, present such a gateway question to the arbitrator.

### C. Motion to Dismiss

Finally, the Court recognizes that Defendant filed a Motion to Dismiss, raising other arguments, such as whether venue is proper in the Southern District of Florida, whether Caring

People is an indispensable party, and whether Florida's "door-closing" statute precludes Avior Sciences from pursuing its claims in Florida. *See* ECF No. [10]. In addition, the parties dispute whether Plaintiffs are entitled to an award of attorney's fees and costs. *See* ECF No. [5]. In light of the parties' agreement that "all disputes" are subject to arbitration and this Court's conclusion that the arbitration clause is enforceable, the Court need not decide the matters raised in Defendant's Motion to Dismiss or Plaintiffs' request for attorney's fees. All such "disputes" fall within the scope of the arbitration clause and are, therefore, subject to arbitration. To the extent the parties disagree about venue, the indispensability of any parties, the applicability of Florida's "door-closing" statute, or entitlement to attorney's fees, they may raise such "disputes" to the arbitrator for determination pursuant to Section 13 of the Agreement.

## IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Urgent Verified Motion to Compel Arbitration, **ECF No. [5]**, is **GRANTED in part.**

2. Defendant's Motion to Dismiss or Alternatively Stay Plaintiffs' Complaint to Compel Arbitration, **ECF No. [10],** is **DENIED as moot.**

3. The parties shall submit "all disputes" to arbitration in accordance with Section 13 of the Consultant Agreement.

4. As Plaintiffs' Complaint seeks only an order compelling arbitration, that relief is granted and  the Clerk of Court is directed to **CLOSE** this case.

5. All pending motions are **DENIED AS MOOT**, and any pending deadlines are **TERMINATED.**

**DONE AND ORDERED** in Miami, Florida, this 22nd day of June, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record