# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-80211-BLOOM/Reinhart

CARINGONDEMAND, LLC
and AVIOR SCIENCES, LLC,

      Plaintiffs,

vs.

VENTIVE LLC,

      Defendant.

_____

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's[1] Motion for Reconsideration of Order Compelling Arbitration and the Appointment of an Arbitrator, ECF No. [47] (the "Motion"). The Court has carefully considered the Motion, the record in this case, and is otherwise fully informed. For the reasons that follow, Plaintiff's Motion is denied.

"[T]he courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *see Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169

---

[1] This Motion is only filed on behalf of Plaintiff CaringOnDemand, LLC and not on behalf of Plaintiff Avior Sciences, LLC. *See* ECF No. [47].

F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012). "A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). "Motions for reconsideration are appropriate where, for example, the Court has patently misunderstood a party." *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003); *see Eveillard v. Nationstar Mortgage LLC*, No. 14-CIV-61786, 2015 WL 1191170, at *6 (S.D. Fla. Mar. 16, 2015). Similarly, reconsideration may be appropriate when the court "'has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension.'" *Mierzwicki v. Citigroup, Inc.*, No. 14-CV-61753, 2015 WL 13388667, at *1 (S.D. Fla. Oct. 13, 2015) (quoting *Z.K. Marine*, 808 F. Supp. at 1563). "[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania*, 401 F. Supp. 2d at 1283.

Plaintiff asks the Court to reconsider its Omnibus Order in which it granted in part Plaintiffs' Urgent Verified Motion to Compel Arbitration, ECF No. [5] ("Motion to Compel Arbitration"), and ordered the parties to "submit 'all disputes' to arbitration in accordance with Section 13 of the Consultant Agreement." *See* ECF No. [46]. Following the issuance of the Omnibus Order, Plaintiff filed a demand for arbitration in Palm Beach County, Florida with JAMS, but Defendant submitted a letter rejecting such an arbitration demand. *See* ECF No. [47] at 2. Defendant thereafter filed a Motion to Appoint Arbitrator in the parallel lawsuit pending in the District of Idaho, Case No. 18-cv-00120 ("the Idaho action") and asked that district court to "select and appoint a retired state or federal court judge in the State of Idaho to administer

arbitration in this matter, including the determination of the venue or location of the arbitration hearing, if necessary." *See* ECF No. [47-7]; [48-1] at 15. Plaintiff now asks this Court to reconsider its Omnibus Order by entering an "order pursuant to 9 U.S.C. § 5 to appoint an arbitrator to arbitrate the disputes between Plaintiff and the Defendant, Ventive, LLC." *Id.* at 1. In support of this request, Plaintiff states "the Omnibus Order did not address the appointment of an arbitrator," which "has perpetuated this dispute as the Defendant objects to JAMS administration of the arbitration and appointing an independent arbitrator." *Id.* at 1-2, 4.

According to the Motion, there are two grounds upon which the Court should reconsider its Omnibus Order: (1) the availability of new evidence and (2) the need to correct clear error or prevent manifest injustice. *Id.* at 7. Neither avenue affords Plaintiff the relief requested. This is because Plaintiff never asked this Court to appoint an arbitrator in the Complaint or in the Motion to Compel Arbitration. The Complaint requested "an Order pursuant to 9 U.S.C. § 4 compelling arbitration of the Plaintiffs' claims against the Defendant (and any counterclaims the Defendant may have) detailed herein." ECF No. [1] at 1. Nowhere in the Complaint is there a request for the appointment of an arbitrator pursuant to 9 U.S.C. § 5. *Id.* Similarly, Plaintiff's Motion to Compel Arbitration, which is the subject of the Omnibus Order, only requested two forms of relief (1) the entry of an order compelling arbitration in Delray Beach, Florida and (2) an award of attorney's fees. *See* ECF No. [5]. It contains no request to appoint an arbitrator. *Id.* In fact, this Court closed the case in the Omnibus Order because no other claim for relief remained pending once arbitration had been compelled. *See* ECF No. [46]. Plaintiff's own submissions recognize that when the Court issued its Omnibus Order, all pending matters had been ruled upon. Specifically, Plaintiff asks the Court to take judicial notice of two filings from

the Idaho action. *See* ECF Nos. [49] and [50]. Within one of these filings, Plaintiff recognizes that "the Florida court resolved all pending matters before it at that time." ECF No. [50] at 5.

Put simply, there is nothing for the Court to reconsider as the relief Plaintiff now seeks was never sought in the first place. This is not a situation where the Court misunderstood Plaintiff's position or made a decision outside the adversarial issues presented by the parties so as to warrant reconsideration.[2] Likewise, this is not a situation where Plaintiff has uncovered "new evidence" pertinent to the issues ruled upon as Plaintiff's proffer of "new evidence" relates to a dispute that was never before this tribunal - the appointment of an arbitrator. Rather, Plaintiff is using a motion for reconsideration as a vehicle to seek relief that it could have requested but failed to request. A party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). It is therefore

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration of Order Compelling Arbitration and the Appointment of an Arbitrator, **ECF No. [47]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 18th day of July, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

---

[2] In addition, Plaintiff's filing in the Idaho action recognizes that, under the Omnibus Order, the appointment of the arbitrator "would appear to need to be submitted to an arbitrator." ECF No. [50] at 6. Plaintiff's statement recognizes that the question of the appointment of the arbitrator is not a matter for this Court to decide.

Counsel of Record