UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80211-BLOOM/Reinhart

CARINGONDEMAND, LLC
and AVIOR SCIENCES, LLC,

       Plaintiffs,

vs.

VENTIVE LLC,

       Defendant.
_____/

# ORDER

**THIS CAUSE** is before the Court upon Plaintiff's[1] Motion to Reopen and to Amend the Complaint pursuant to Federal Rule of Civil Procedure 15, ECF No. [52] (the "Motion to Reopen"), and Defendant Ventive LLC's ("Ventive") Motion for Sanctions pursuant to 28 U.S.C. § 1927 and the Court's Inherent Powers, ECF No. [53] ("Motion for Sanctions"). The Court has carefully considered the Motion to Reopen, the Motion for Sanctions, the record in this case, and is otherwise fully informed. For the reasons that follow, Plaintiff's Motion to Reopen and the Motion for Sanctions are denied.

## I.    BACKGROUND

On February 21, 2018, Plaintiffs, CaringOnDemand, LLC and Avior Sciences, LLC, filed their Complaint in the Southern District of Florida seeking an order compelling Defendant, Ventive LLC ("Defendant"), to arbitration in Delray Beach, Florida.[2] *See* ECF No. [1]. According to the Complaint, on October 23, 2017, Plaintiffs and Defendant entered into a Master

---

[1] This Motion is only filed on behalf of Plaintiff CaringOnDemand, LLC and not on behalf of Plaintiff Avior Sciences, LLC. *See* ECF No. [47].
[2] Other than a request for attorney's fees, no additional relief was sought in the Complaint. *Id.*

Consultant Agreement ("Consultant Agreement") in which Defendant would provide consulting and technical services to Plaintiffs in exchange for a fee and Plaintiffs would be the sole owner of the intellectual property Defendant created. *Id.* at ¶ 1. A few months later, a dispute arose between the parties involving performance under the Consultant Agreement. *Id.* at ¶¶ 26-30. On February 16, 2018, Plaintiffs sent a written notice to Defendant in which they demanded arbitration of such disputes in Delray Beach, Florida. *Id.* at ¶¶ 3, 13. Plaintiffs made this demand pursuant to the arbitration provision contained in Section 13 of the Consultant Agreement. ECF No. [1-3]. Defendant allegedly did not comply with the arbitration provision and Plaintiffs' written demand for arbitration. *Id.* at ¶ 4. As a result, five days later, Plaintiffs filed their Complaint in this venue asserting violations of the Consultant Agreement and demanding arbitration in Delray Beach. *Id.*

One day after the Complaint was filed in this action, Defendant filed its own Petition to Compel Arbitration, Stay Arbitration and for Appointment of Mediator against Plaintiffs in the District Court of the Fourth Judicial District of the State of Idaho in and for the County of Ada, Case No. CV01-18-03619. *See* ECF No. [5-1] ("the Idaho action"). On March 13, 2018, Plaintiffs removed the Idaho action to the District Court of Idaho, Case No. 18-cv-00120-CWD. *See* ECF No. [21-4]. Thereafter, on May 4, 2018, the assigned magistrate judge in the Idaho action, the Honorable Candy W. Dale, stayed those proceedings pending this Court's ruling on various motions. *See* ECF No. [45-4].

In the meantime, in this action, Plaintiffs filed the Motion to Compel Arbitration seeking an "urgent" ruling from this Court as to the arbitrability of the dispute in Delray Beach, Florida. *See* ECF No. [5]. Defendant filed a Response agreeing that the disputed issues were subject to arbitration but contesting Plaintiffs' position that the Consultant Agreement requires arbitration

2

in Delray Beach. *See* ECF No. [15]. Ruling on the Motion to Compel Arbitration, this Court entered an Omnibus Order in which it granted the relief in part and ordered the parties to "submit 'all disputes' to arbitration in accordance with Section 13 of the Consultant Agreement." *See* ECF No. [46]. The Court determined that the location of the arbitration was an arbitrable issue under the terms of the arbitration clause and declined to rule on that question. *Id.* Following the issuance of the Omnibus Order, Plaintiff filed a demand for arbitration in Palm Beach County, Florida with JAMS, but Defendant submitted a letter rejecting such an arbitration demand. *See* ECF No. [47] at 2. Defendant thereafter filed a Motion to Appoint Arbitrator in the Idaho action and asked that district court to "select and appoint a retired state or federal court judge in the State of Idaho to administer arbitration in this matter, including the determination of the venue or location of the arbitration hearing, if necessary." *See* ECF No. [47-7]; [48-1] at 15. Plaintiff subsequently filed a Motion for Reconsideration, asking this Court to reconsider its Omnibus Order by entering an "order pursuant to 9 U.S.C. § 5 to appoint an arbitrator to arbitrate the disputes between Plaintiff and the Defendant, Ventive, LLC." *See* ECF No. [47] at 1. Denying the Motion for Reconsideration, this Court concluded that "[n]owhere in the Complaint is there a request for the appointment of an arbitrator pursuant to 9 U.S.C. § 5." Likewise, the Court found that the Motion to Compel Arbitration, which was the subject of the Omnibus Order, also failed to request the appointment of an arbitrator. Thus, the Court ruled that "there [wa]s nothing for the Court to reconsider as the relief Plaintiff now seeks was never sought in the first place." *Id.*

Plaintiff has now filed a Motion to Reopen in which it asks the Court to exercise its discretion to reopen the case, grant leave to file an Amended Complaint, which includes a request for the appointment of an arbitrator pursuant to 9 U.S.C. § 5, and stay this lawsuit pending the completion of the arbitration pursuant to 9 U.S.C § 3. *See* ECF No. [52] at 18. Ventive, on the other

3

hand, filed a Motion for Sanctions, which serves as its Response, in which it asks the Court to deny the Motion to Reopen, enjoin Plaintiffs from future filings in this action without the Court's prior permission, and to award Ventive its reasonable attorney's fees in connection with Plaintiffs' filings following the closure of the proceedings. *See* ECF No. [53] at 1.

## II. LEGAL STANDARD

Rule 15 provides that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "The grant or the denial of an opportunity to amend is within the discretion of the district court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should be given freely "in the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Cadence Bank, N.A. v. 6503 U.S. Highway 301, LLC*, No. 8:13-cv-840-T-33TGW, 2013 WL 12157897 (M.D. Fla. Oct. 7, 2013) (quoting *Foman*, 371 U.S. at 182).

## III. DISCUSSION

### A. Motion to Reopen

Plaintiff asks the Court to exercise its discretion to reopen the case and grant it leave to amend. In support of its request, Plaintiff contends that it intended to have the Court decide all issues involving arbitration, including the appointment of an arbitrator, at the time it filed the Complaint and the Motion to Compel Arbitration. *See* ECF No. [52] at 8. Plaintiff further argues that, in its Motion to Compel Arbitration, it "sought the Court's direction to avoid the pending disputes and differences by the parties as to the location of arbitration, *as well as the Agreement's silence as to the appointment of an arbitrator*." *Id.* (emphasis added). Yet,

Plaintiff does not direct the Court to any request to appoint an arbitrator in any filing prior to its Motion for Reconsideration. In essence, Plaintiff expected the Court, and Defendant, to read its mind and know that it sought the appointment of an arbitrator even though no such request was ever made. Under the well-pleaded complaint rule, "the plaintiff is the master of the complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987). It is up to Plaintiff to include all forms of relief within its pleading, thereby providing notice to Defendant and the Court of the relief sought. And, as this Court stated in its Order denying the Motion for Reconsideration, neither the Complaint nor the Motion to Compel Arbitration asked this Court to appoint an arbitrator pursuant to 9 U.S.C. § 5. *See* ECF No. [1] and [5].

Plaintiff's Motion to Reopen and request to amend the Complaint amounts to a request for a "do-over" despite the complete adjudication of all claims. The Eleventh Circuit Court of Appeals has adopted a rule that "after a complaint is dismissed the right to amend under Rule 15(a) terminates." *Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1556 (11th Cir. 1984). And although a plaintiff may move the court for leave to amend after a complaint has been dismissed, "[s]uch a motion would be inappropriate, however, if the court has clearly indicated either that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action." *Id.* at 1556, n. 6. *See Freeman v. Rice*, 399 F. App'x 540, 544 (11th Cir. 2010) (concluding that the district court did not abuse its discretion in denying motion to amend when it "clearly indicated" in its order of dismissal that any amendment would be futile "and thus a subsequent motion to amend would not be permitted."); *Montford v. Moreno*, 04-12909, 2005 WL 1369563, at *9 (11th Cir. June 9, 2005) (finding that district court order dismissing the amended complaint and ordering the case closed "clearly

5

indicated" that a subsequent amendment to the complaint was not possible, making motion for leave to amend improper).

In this case, the Omnibus Order "clearly indicated" that the case was fully adjudicated and no amendment was possible. At the conclusion of its Omnibus Order, the Court took into consideration the relief sought in the Complaint and ruled as follows: "[a]s Plaintiffs' Complaint seeks only an order compelling arbitration, that relief is granted and the Clerk of Court is directed to **CLOSE** this case."[3] ECF No. [46] at 9 (caps and bold in original). In light of the Omnibus Order's adjudication of all pending issues and closure of the case, the Court finds that Plaintiff's request for leave to amend is improper. To find otherwise would allow parties to extend litigation *ad infinitum*, giving them free reign to re-litigate claims by amending a pleading after an adverse adjudication of the issues or upon the realization that a critical form of relief was never sought in the first instance. Plaintiff's request for leave to amend must, therefore, be denied.

The Court's analysis, however, does not end there as Plaintiff's Motion to Reopen also argues that the Federal Arbitration Act ("FAA") requires the reopening of the case. Specifically, Plaintiff states that 9 U.S.C. § 3 required the Court to stay the proceedings rather than close the case. Section 3 states as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement,

---

[3] Although the Complaint asked the Court to order arbitration in Delray Beach, Florida as well as an award of costs and attorney's fees, this Court concluded that such matters fell within the scope of the arbitration clause. Because the Court ordered the parties to attend arbitration under the arbitration clause and no other non-arbitrable form of relief had been requested, the Court closed the case.

... 

>providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

Section 3 of the FAA has no applicability to Plaintiff's Complaint. This is because "Section 3 applies to only 'any suit or proceeding . . . brought . . . upon any issue referable to arbitration.'" *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Intern. Union AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1268 (11th Cir. 2015). When a lawsuit is brought solely to compel arbitration, as is the case here, there is no suit or proceeding bringing an issue referable to arbitration. *Id.* ("Here, the Union did not bring suit upon a substantive issue referable to arbitration; it brought suit instead solely to compel arbitration."). "In addition, section 3 qualifies the mandatory nature of any stay it authorizes by requiring a party to apply for the stay." *Id.* There is no indication in the record that either party requested a stay until the conclusion of the arbitration proceedings.[4] In addition, the statute requires a stay of "the trial of the action." 9 U.S.C. § 3. Once this Court granted the sole relief sought in the Complaint – an Order compelling arbitration, there was no "action" left to be tried and, thus, nothing for this Court to stay. *Id.* As the Eleventh Circuit concluded in *United Steel*, "the terms of section 3 of the FAA simply do not apply to the situation presented in this case, and the statute cannot justify the stay." *Id.* And despite Plaintiff's claim that the prevailing party to an arbitration typically files a motion to confirm the award, "[t]he stay also cannot be justified on the basis that a party might later seek to vacate or confirm any arbitration award." *Id.* at 1269. "Federal law permits a party to bring a separate proceeding to do just that." *Id.* In fact, "'the

---

[4] Defendant requested a stay only to allow the District Court in Idaho to decide the arbitration matters raised by the parties. Defendant did not seek a stay of the proceedings while the matter proceeded to arbitration.

existence of that remedy does not vitiate the finality of the District Court's resolution of the claims' in what is otherwise a final decision." *Id.* (quoting *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000)). Thus, § 3 of the FAA does not provide a basis to reopen the proceedings.

Finally, Plaintiff argues that Ventive's Motion to Appoint an Arbitrator in the Idaho Action is a collateral attack of the Omnibus Order as well as this Court's subject-matter jurisdiction. *See* ECF No. [52] at 10. Adding to this argument, Plaintiff states that the lawsuit pending in Idaho should be dismissed as duplicative of this action and the request to appoint an arbitrator in that lawsuit is an attempt to evade this Court's Omnibus Order. *Id.* at 11. Plaintiff's collateral attack arguments, however, are better suited for the District Court in Idaho as this Court has no jurisdiction over those proceedings. It will be up to the District Court in Idaho to determine whether the relief sought therein amounts to an impermissible collateral attack of this Court's Omnibus Order. This Court has already decided the limited issues it was asked to resolve in Plaintiff's Complaint, ECF No. [1]. No additional relief remains pending and no grounds exist to reopen the case and file an Amended Complaint. Accordingly, Plaintiff's Motion to Reopen is denied.

### B. Motion for Sanctions

In addition to asking the Court to deny the Motion to Reopen, Defendant seeks sanctions for Plaintiff's purportedly unreasonable and vexatious conduct that has multiplied the proceedings. *See* ECF No. [53]. The Motion for Sanctions asks the Court to enter an award of attorney's fees and costs against Plaintiff pursuant to the Court's inherent powers as well as against Plaintiff's counsel pursuant to 28 U.S.C. § 1927. *Id.* Further, Defendant asks the Court to enjoin Plaintiffs from future filings without prior permission. *Id.*

A court may sanction an attorney as well as a party for bad faith litigation conduct under its inherent powers. *Taverna Imports, Inc. v. A & M Wine & Spirits, Inc.*, 15-24198-CIV, 2018 WL 3611405, at *10 (S.D. Fla. July 27, 2018) (collecting cases). "Courts have inherent power to levy sanctions against litigants for abuse of the judicial system even if procedural rules also exist that sanction the same conduct." *Id.* (collecting cases). This inherent power allows courts to award attorney's fees and costs against a party, an attorney, or both, "when either has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46 (1991)). Importantly though, "[t]he key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (citing *In re Mroz*, 65 F.3d at 1575). "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent" or when a party "delay[s] or disrupt[s] the litigation or hamper[s] enforcement of a court order." *Id.* (quoting *Primus Automotive Fin. Servs., Inc. v. Batarse,* 115 F.3d 644, 649 (9th Cir.1997)).

Courts also have the power to enter sanctions against an attorney pursuant to 28 U.S.C. § 1927, the purpose of which is to deter frivolous litigation, abusive litigation practices by attorneys, and ensure that the party or individual who creates unnecessary costs bears them. *Id.* (citing *Roadway Express v. Piper*, 447 U.S. 752, 762 (1980)). Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "To impose sanctions under this statute: (1) the attorney must engage in unreasonable and vexatious conduct; (2) that conduct

must multiply the proceedings; and (3) the amount of the sanction must bear a financial nexus to the excess proceedings." *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). The imposition of sanctions under this statute "turns on the attorney's objective conduct as compared to how a reasonable attorney would have acted under the circumstances." *Taverna Imports,* 2018 WL 3611405, at *9 (citing *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282 (11th Cir. 2010)). "Objectively reckless conduct is sufficient to justify sanctions under § 1927 even if the attorney does not act knowingly and malevolently." *Id.*

The Court finds that sanctions are not warranted under either the Court's inherent powers or § 1927. Although Plaintiff's Motion for Reconsideration and Motion to Reopen were not meritorious, there is no evidence that Plaintiff or Plaintiff's counsel knowingly or recklessly raised a frivolous argument or otherwise acted in bad faith when filing these motions. It is clear to the Court that Plaintiff failed to include a request for an arbitrator in the Complaint and realized the omission after it was too late, causing additional litigation in the Idaho Action. In an effort to rectify the error, Plaintiff filed two different motions in this case, using two different procedural rules. The motions were not successful but they were certainly not frivolous. While future filings seeking this same relief before this Court may rise to the level of vexatious conduct, the Court concludes that Plaintiff's conduct did not reach that level as a result of these two filings. For this reason, the Motion for Sanctions is denied.

The Court notes that the arbitration dispute here, which involves two parallel actions ongoing in two different states in a race to the courthouse seeking the same relief, has certainly multiplied the proceedings and forced both sides to incur unnecessary attorney's fees and costs. Going forward, it would behoove the parties to cooperate with one another in the selection of a

neutral arbitrator rather than to continue employing scorch-the-earth litigation tactics against one another in two different fora.

**IV.     CONCLUSION**

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Reopen and to Amend the Complaint pursuant to Federal Rule of Civil Procedure 15, **ECF No. [52]**, is **DENIED** and Defendant Ventive LLC's Motion for Sanctions pursuant to 28 U.S.C. § 1927 and the Court's Inherent Powers, **ECF No. [53],** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 8th day of August, 2018.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record